**Charles B. Ensign, Plaintiff in Error, v. John Lehmann and Lena Lehmann, Defendants in Error.**

### Gen. No. 20,549.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and judgment here with finding of fact.   Opinion filed May 11, 1915.

### Statement of the Case.

Action by Charles B. Ensign, plaintiff, against John Lehmann and Lena Lehmann, defendants, to recover on a promissory note for two hundred dollars, payable to E. C. Martin.

The record shows that judgment was confessed on the note which subsequently, on motion, was set aside and defendants were permitted to defend.

The issues were tried by the court without a jury, which found against plaintiff and entered judgment on the finding.

To reverse the judgment, plaintiff sues out this writ of error.

The affidavit of merits filed by defendants set up that the note was obtained by Martin, the payee, by fraud and circumvention practiced by him upon the defendants, and that the defendants were induced to sign the note by trickery, artifice and deceit and by fraudulent representations and false promises made by Martin; that the consideration for the note wholly failed.

The evidence produced on the trial showed that plaintiff was, at the time of the trial and had been for some fifteen years, a banker and note broker in the city of Chicago, his business consisting principally in buying and selling commercial paper. Early in the summer of 1912 one Dr. Martin, with whom he had

Ensign v. Lehmann et al., 192 Ill. App. 578.

never had any business dealings but who had been referred to the plaintiff by some friend, requested the plaintiff to purchase various notes which Martin then held. At the second meeting between plaintiff and Dr. Martin a list of notes was left with the plaintiff and, after investigation, notes which the plaintiff felt were unquestionably good were purchased. The note sued on was purchased by the plaintiff, as the evidence tended to show, after investigation by the plaintiff as to the financial standing of the defendants. It was indorsed by Dr. Martin to the plaintiff and the plaintiff paid him therefor by cash or by check about five months before the note matured.

The evidence further tended to show that when the note was purchased by the plaintiff he knew of no facts which would put him on guard, or suggest to him that there was anything wrong with the note, and that it came to him in the ordinary course of his business. The note was given for professional services rendered to the Lehmanns by Dr. Martin.

Examination of the attorney for the defendants showed that he had written several letters to the plaintiff, the first of which was dated February 20, 1913, six months after the plaintiff had purchased the note. In this letter an extension of time was requested of the plaintiff and a promise was made that payment would be made on March 15th. The letter was to the effect that the defendants understood that they had no defense against the plaintiff Ensign, and that they would be ready to meet their debt just as soon as circumstances would permit. A further extension of time was asked in a letter dated March 20, 1913.

The only evidence on the part of the defendants material to the question of fraud and circumvention in the execution of the note is the testimony of defendant, Mrs. Lehmann, that she did not see the warrant of attorney contained in the note because of Dr. Martin's action in keeping a blotter over the face of the

note. She testified, however, that Martin removed the blotter so that she could see the face of the note, and she, as well as her husband, admitted on cross-examination that they knew they were signing a note for two hundred dollars, payable at the First National Bank of Chicago in six months, with interest at seven per cent. per annum after maturity.

FELSENTHAL & WILSON, for plaintiff in error; DAVID LEVINSON, of counsel.

HENRY KNELLER, for defendants in error.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 61*—*when fraud and circumvention not sufficiently shown.* If a promissory note signed by the makers is not prejudicially different in legal effect from the instrument they were willing to sign and thought they were signing, there is no fraud or circumvention.

2. BILLS AND NOTES, § 61*—*when evidence insufficient to establish fraud or circumvention.* Evidence examined and *held* insufficient to show fraud or circumvention in the inception of the note or as against a holder in due course.

3. BILLS AND NOTES, § 60*—*when failure of maker to acquaint himself with terms of note not a defense.* The fact that the maker of a promissory note containing a warrant of attorney signed it without knowing that it contained the warrant of attorney, owing to the face of the note being covered with a blotter when it was signed, is not a defense where the fact that it was a judgment note could have been ascertained by him by reading the note.

4. BILLS AND NOTES, § 61*—*when ignorance of maker that note is judgment note not a defense.* The fact that the maker of a note did not know, at the time of signing it, that it was a judgment note is not a defense where the judgment confessed thereon was vacated and a trial on the merits given.

5. FRAUD, § 5*—*what essential elements of misrepresentation.* To establish a misrepresentation in law there must be proved a statement of fact which was untrue and which was known by the maker of the statement to be untrue.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. FRAUD, § 19*—*when representations of physician are not fraud and misrepresentation.* In an action to recover on a note given a physician for medical services, statements of the payee that he was a specialist and cured chronic diseases, that the makers of the note were ill and had certain ailments and he could cure them, are not fraud and misrepresentation which will constitute a defense to the note in the hands of a third person, a holder in due course, even though the payee had no intention of performing his promise.

7. FRAUD, § 19*—*when promise to do an act without intention of performing not misrepresentation.* An agreement to do an act without the intention of doing it is not a misrepresentation of an existing fact.

8. BILLS AND NOTES, § 443*—*when defense of failure of consideration not established.* The allegation in the affidavit of merits in an action to recover on a note given for medical services, that there was a failure of consideration, is not sustained where no evidence is introduced in support thereof.

9. BILLS AND NOTES, § 259*—*when indorsee a holder in due course.* Evidence examined and *held* to show that plaintiff was a holder in due course of the notes in suit, and took them free from the defenses of fraud and failure of consideration.